Reap. Dec. 8997.—
——F. W. Woolworth Co. *v.* United States.

#### MEMORANDUM TO ACCOMPANY ORDER

JOHNSON, Judge: The appeals for reappraisement, listed in schedule "A," attached hereto and made a part hereof, consolidated at the trial, involve earthenware tableware exported from England on various dates between March 7, 1954, and August 8, 1954.

These cases have been submitted on a stipulation, agreed to at the trial, reading as follows:

MR. PALEY: At this time, I offer to stipulate the following:

It is hereby stipulated and agreed by and between counsel for the parties hereto, subject to the approval of the Court, that the merchandise covered by these appeals for reappraisement consists of earthenware tableware manufactured by Swinnerton's Ltd. and imported from England.

It is further stipulated and agreed that at or about the times of exportation of the instant merchandise, such merchandise was not freely offered for sale for home consumption within the meaning of section 402 (c) of the Tariff Act of 1930, as amended, or for exportation to the United States within the meaning of section 402 (d) of said Act.

It is further stipulated and agreed that similar earthenware was offered for sale and sold in England for domestic consumption to two classes of purchasers, and that the price at which the merchandise was sold depended upon the type of business conducted by the purchaser; that purchasers classified as "wholesalers" purchased this merchandise in the usual wholesale quantities and in the ordinary course of trade at the units of value shown in column *11* of these invoices, with discounts and additions as noted below, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, while purchasers classified as "retailers" purchased in the usual wholesale quantities and in the ordinary course of trade and paid the invoice unit prices shown in column *11* with discounts and additions as noted below including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States.

| Reappraise-ment No. | Deductions and additions to Wholesalers | Deductions and additions to Retailers |
|---|---|---|
| 247029–A | less 7½% less 2½% | less 2½% packed |
| 247030–A | " | " |
| 249664–A | " | " |
| 249699–A | less 7½% less 2½% plus 7½% packed | less 2½% plus 7½% packed |
| 253893–A | " | " |
| 253894–A | " | " |
| 253895–A | " | " |

It is further stipulated and agreed that the above prices were freely offered to all purchasers in the respective classifications in the principal market of England at or about the time of these exportations, but that no "retailer" was offered or could secure the discounts that were freely offered to all "wholesalers".

It is further stipulated and agreed that the export value as defined in section 402 (d) of the Tariff Act of 1930 for similar merchandise was at the time of exportation of the instant shipments, the same as the above prices to wholesalers.

Mr. Auster: May it please your Honor, I have heard Mr. Paley offer to make the certain stipulation with respect to the facts in this case. I have consulted with examiner Gross at the Port of New York with respect to these importations. He has received at this port, importations from the same manufacturer for the same importer, and is familiar thoroughly with the facts surrounding the situation.

The particular cases with which we are now concerned, are Baltimore entries but the facts are the same with respect to them as they are with respect to New York. Hence, with his advice and on the benefit of his advice, I might say I am willing to accept the stipulation offered by Mr. Paley, as a stipulation of facts, and I so stipulate.

Since it has been agreed that *such* merchandise was not freely offered for sale for home consumption or for exportation to the United States on or about the dates of exportation of the merchandise herein, the question before us is confined to whether or not the prices of *similar* merchandise represent statutory foreign or export value.

Plaintiff claims that there were no statutory foreign values for this merchandise, because there was no one price or set of prices at which similar merchandise was freely offered and sold to all purchasers for home consumption in England, but that there were statutory export values for similar merchandise and that such values represented the proper basis for the appraisement of this merchandise.

Defendant contends that the prices at which similar merchandise was offered and sold to retailers for home consumption in England are the statutory foreign values of this merchandise on the ground that all purchasers could have bought at those prices.

The issues in this case are substantially the same as those involved in *W. T. Grant Company* v. *United States*, reappraisement No. 240115–A, etc. (39 Cust. Ct. 657, Reap. Dec. 8996). In that case, I concluded that the merchandise was not freely offered by the manufacturer to all purchasers in the usual wholesale quantities and in the ordinary course of trade at any one set of prices and that neither the prices at which the merchandise was offered to wholesalers nor the prices at which it was offered to retailers represented the foreign values, as said value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.

I also concluded that that finding did not lead to a determination that no foreign value could have existed for the merchandise on the ground that the merchandise had been offered and sold to wholesalers whose resale prices might have met the statutory requirements as to foreign value. The case was restored to the calendar for further proof on this point.

For the reasons stated in the aforesaid case, I find that neither the prices at which merchandise similar to that involved herein was

offered to wholesalers nor the prices at which it was offered to retailers represent the foreign values of this merchandise. Since the plaintiff has not negatived the existence of a foreign value based on the resale prices of wholesalers, the instant appeals are restored to the calendar for further proof as to such prices and conditions of sale.

It is so ordered.